AMOS CHAFFEE v. THE CITY OF DETROIT AND JACOB GUT-
HARD, RECEIVER OF TAXES.

*Bill to clear title—Void sale for special tax.*

A void conveyance of property to satisfy a special sewer assessment
establishes a cloud on title which the owner and occupant of the prem-
ises cannot compel the municipality to prosecute at law; and he
can maintain a bill to clear title.

Appeal from Wayne. (Speed, J.) April 24.—April 30.

BILL to clear title. Defendants appeal. Affirmed.

*Wilkinson & Post* for complainant.

*Henry M. Duffield* for appellant. Relief cannot be
claimed in equity against a tax sale if there is no showing that.
the tax was illegal: *Alb. & Bost. Min. Co. v. Aud. Gen.* 37
Mich. 391; *Byram v. Detroit* 50 Mich. 58.

CAMPBELL, J. Complainant, who owns a Park Lot in De-
troit, filed his bill as owner in possession to remove a cloud
on his title, set up by the city of Detroit, as purchaser at a
sale under special assessment for a lateral sewer laid through
certain land adjoining his, which appears to have been
intended to make a part of an ultimate alley, but which is not
now an alley in any proper sense of the term. The bill is in
accordance with the statute which authorizes a party in pos-
session, and owning title, to have illegal outstanding claims
litigated and canceled.

It is not seriously claimed that the city has any title, or
that the assessment sale was valid. But it is urged that in
some way or other the drain will probably become useful
hereafter, when complainant's land is subdivided and built
up. But we can conceive no reason for such an argument
here. This is not a bill to enjoin the levying or collection of
a tax which complainant ought to pay, and has no good rea-
son to contest. It is a case where a title is set up against
him which he cannot compel the city to prosecute at law, and

which has no legal or equitable basis on which it can ever be made to stand. There is no process by which it can be made efficacious. Even if there were any reason, which we fail to find, why complainant ought to have contributed to this drain, he cannot be deprived of his land or have this void convey-ance held over him for any such purpose.

The decree in complainant's favor must be affirmed with costs.

The other Justices concurred.